DECISION
This appeal concerns certain child care expense matters for the 2006 tax year. Plaintiff claimed a total of $10,400 for the year. Defendant reviewed Plaintiff's return and certain additional information and ultimately concluded that Plaintiff failed to substantiate the payment of her expenses for child care. Originally Defendant disallowed the entire amount. In its post-trial filing, Defendant recommended that $4,800 be allowed.
The trial in this matter was held October 22, 2008. Lillian Leiva testified on her own behalf. Maribel Luna, auditor, represented Defendant. The record closed December 18, 2008.
 I. STATEMENT OF FACTS
In 2006, Plaintiff lived in Tigard and was employed by West Hills Health and Rehabilitation. She worked full-time Monday through Friday, from 7:00 a.m. until 3:00 p.m., each day. She had three children: Daniel, Ayelin, and Alejandro.
In order to work and earn funds, Plaintiff engaged the services of Maria Lopez (Lopez) as her child care provider. Lopez did not participate at trial. Instead, references to her are contained in the questionnaire Plaintiff completed and in discussions Lopez had with the Department's representative prior to trial. *Page 2 
Plaintiff did not have a bank account in 2006 to use to pay the provider. She cashed her wage checks to obtain cash to pay her bills. Some receipts signed by Lopez were provided; the numbering sequence was not completely consistent. Plaintiff said they were obtained at the time of payment. The provider, via the auditor's conversation, reportedly said receipts were only sometimes written at the time of service. It appears that some amounts remain due and owing for services given in 2006. There is also a discrepancy between the amount Plaintiff claims was paid and the total the provider said she received.
 II. ANALYSIS
ORS 315.262[1] provides a refundable credit for certain low-income taxpayers to partially offset the taxpayer's child care costs incurred for the purpose of allowing the taxpayer to work or attend school. The credit is commonly referred to as the working family child care credit. The statute provides in relevant part:
 "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316
equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)."
 ORS 315.262(2).
ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. That credit is referred to as the dependent care credit.
When, as in this case, the Department of Revenue (department) denies the credit and the taxpayer appeals, the taxpayer must prove her case by a preponderance of the evidence. ORS 305.427. This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, *Page 3 4 OTR 302, 312 (1971); see also Riley Hill General Contractor v. TandyCorp., 303 Or 390, 394, 737 P2d 595 (1987) (defining "preponderance" as "the greater weight of evidence.")
The question in this case is whether Plaintiff convincingly demonstrated that she actually paid $10,400 for the child care services her children received during 2006. The court finds Plaintiff's evidence to be inconsistent and without documentary support.
OAR 150.315.262(3) states that "[t]he payments must be made by the parent claiming the working family child care credit." Child care expenses were clearly incurred during 2006; the key question is "how much?" However, even after the trial, the amount paid remains unclear. The provider did not participate in trial to provide sworn testimony and support Plaintiff's claims.
As the trial was concluded, the parties were allowed to submit additional arguments and recommendations. Nothing further was received from Plaintiff. Defendant filed[2] its recommendation that $4,800 be allowed as 2006 child care expenses. That was based on the prevailing market rates in the area for a portion of the year. The court finds this recommendation accurately balances the competing trial positions of the parties and is a reasonable allowance given the absence of consistent corroborating evidence.
In these appeals, a preponderance of the evidence is required to sustain the burden of proof. That burden of proof shall fall upon the party seeking affirmative relief. ORS 305.427. Plaintiff has not met that statutory requirement in this record, as to the total relief requested.
 III. CONCLUSION
On the evidence before it, the court is persuaded that Plaintiff provided the funds to pay for $4,800 of the claimed 2006 child care services. Accordingly, Plaintiff's request for the *Page 4 
working family child care credit and the credit for dependent care expenses is partially granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that this appeal is partially granted in the amount of $4,800 for child care expenses.
Dated this ____ day May 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on May 7,2009. The court filed and entered this document on May 7, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005
[2] Filed November 10, 2008. *Page 1